UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22309-CIV-UNGARO

ROHAN RAPHAEL RAMPASSARD,
       Plaintiff,

v.

BILL CLINTON, *et al.*,
       Defendant.
_____/

**ORDER DISMISSING ACTION**

THIS CAUSE is before the Court upon a *sua sponte* review of the record.  The Court has considered Plaintiff's Complaint and is otherwise fully advised in the premises.

Plaintiff, who appears *pro se*, has sued Defendant pursuant to laws under the U.S. Constitution alleging that "[i]n 2002 George W. Bush authorized the FBI and CIA to attack me. They accused me of attacking America by calling America gay through the red stripes on the flag and the world also which caused the people to attack me verbally, mentally, and recently physically also saying it was and is a crisis." (Pl.'s Compl. 3).  Plaintiff further claims that "the CIA [and] FBI has recently revealed that they have been monitoring me since 1995 because they stated that Bill Clinton was told by an employee, [at a psychiatric hospital to which he was infirmed for 18 days], that I called him (Bill Clinton ) gay while I was in my house." (Id.) Plaintiff claims that as a result of the mental pressure he experienced from the alleged attacks he has attempted suicide.  (Id.)  Plaintiff now requests: (i) that Defendants' actions "be stopped"; and (ii) damages in the amount of $1,000,000.00 for defamation of his character, mental anguish and suffering, emotional distress, invasion of privacy, damaged incurred to his liver from suicide attempts, slander, libel per se, and various other tortious damages. (Pl.'s Comp. 4.)

The Complaint does not set forth a basis for the Court's jurisdiction.  Pursuant to Fed. R. Civ. P. 8(a), "[a] pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . .  Further, Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Having considered the Complaint and its allegations, it is apparent that the Court lacks jurisdiction over the subject matter of this action and the Complaint should be dismissed.

Even if, *arguendo*, the Court possessed jurisdiction over the parties identified in Plaintiff's pleading, the Complaint should be dismissed for failure to state a claim.  The standard for determining whether a complaint states a claim upon which relief may be granted is set for under Fed. R. Civ. P. 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court is required to limits its consideration herein to the Complaint and its exhibits, accepting their factual allegations as true.  *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  Further, the Court notes that *pro se* pleadings are liberally construed and that the Complaint may not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Grossman*, at 1231-32.

The Court finds that the sum and substance of Plaintiff's complaint lacks any arguable basis in law (*See*, *e.g., Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)) and further, fails to state a claim on which relief may be granted.  *See*, *e.g., S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 273(11th Cir. 1988); *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998).  Therefore, the case is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Accordingly it is hereby,

ORDERED AND ADJUDGED, that Plaintiff Complaint is DISMISSED for lack of jurisdiction and failure to state a claim.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of August, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
Rohan Raphael Rampassard, *pro se*